```
                       UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF CONNECTICUT

------------------------------x
                              :
INGRID DUPUY                  :        3:14CV01430(SALM)
                              :
v.                            :
                              :
CAROLYN W. COLVIN,            :        September 9, 2015
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :
                              :
------------------------------x
```

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On September 28, 2010, the plaintiff applied for disability insurance benefits ("DIB") and on September 29, 2010, the plaintiff applied for supplemental security income ("SSI") benefits claiming that she had been disabled since October 17, 2008. [Tr. 24] After a hearing before an ALJ, the ALJ denied plaintiff benefits on May 22, 2013. [Tr. 24-39] After exhausting her administrative remedies, the plaintiff filed the Complaint in this case on September 29, 2014. [Doc. #1] On December 29, 2014, the Commissioner filed her Answer and the official transcript. [Doc. #11] On February 26, 2015, the plaintiff filed her Motion for Reversal and Remand, together with a memorandum in support. [Doc. #13] The Commissioner's response to the motion was due by April 27, 2015. On April 23, 2015, a consent for remand was filed by the parties. [Doc. #15] The consent recognized that the plaintiff should be given a new hearing and

1

the opportunity to introduce new evidence, and called upon the ALJ to, inter alia, "reassess Plaintiff's impairments at step two of the sequential evaluation and reassess Plaintiff's maximum residual functional capacity[.]" [Doc. #15 at 1-2] Shortly thereafter the parties filed a consent to jurisdiction of the Magistrate Judge. [Doc. #16] Judgment was entered on May 5, 2015.[1] [Doc. #19]

On June 5, 2015, the plaintiff filed a motion for attorney's fees together with a memorandum in support, an affidavit, and time sheets. [Doc. #20] The defendant filed a brief in opposition to the motion on June 26, 2015 [Doc. #21] and the plaintiff filed a reply on June 30, 2015. [Doc. #22]

For the reasons set forth herein, the plaintiff's Motion for Attorney Fees [Doc. #20] is GRANTED, in part, in the amount of **$9,260.60 in fees and $80.58 in costs for a total award of $9,341.18.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government

---

[1] Although the Judgment was entered on May 5, 2015, the

2

actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (footnote & citation omitted). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. 28 U.S.C. §2412(d)(1)(B).

In her main motion, the plaintiff seeks fees in the amount of $9,863.90, consisting of the following:

| WORK PERFORMED BY | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Atty. Zimberlin(2014) | 1.85 | $196.31 | $   363.17 |
| Atty. Zimberlin(2015) | 44.58 | $194.93 | $8,689.98 |
| Paralegal | 2.3 | $115.00 | $   264.50 |
| Law Clerk | 4.75 | $115.00 | $   546.25 |

The defendant does not contest the plaintiff's status as a prevailing party in this matter, or the hourly rates used by counsel. Rather, the defendant objects to the number of hours claimed as excessive.

It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437

---

notice was electronically docketed on May 6, 2015.

(1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover from "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted); Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Notably, the case law finding that twenty to forty hours represents an average necessary investment of time pre-dates the adoption in this District of a new practice requiring the plaintiff to provide a detailed medical chronology, with citations to the

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

4

record, in the motion for remand.

In this case, plaintiff's counsel seeks reimbursement for a total of 46.43 hours of attorney time plus 7.05 hours of law clerk and paralegal time. [Doc. #20-1 at 5] The transcript in this case was comprised of over 2,000 pages, and plaintiff's counsel did submit a thorough brief. However, the factual and legal issues involved were not overly complex, particularly given plaintiff's counsel's extensive experience in this area of the law and the fact that counsel represented the plaintiff throughout the administrative proceedings. Cf. Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.") (internal quotations & multiple citations omitted), approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010). Here, only the length of the record weighs in favor of a large fee award. Further, a review of motions filed by plaintiff's counsel in prior cases reveals that certain portions of the motion in this case were copied from prior motions. Compare, e.g., West v. Colvin, 3:14CV852(AVC), Doc. #13-1 at 23-24, with Dupuy, Doc. #13-1 at

21-22. Accordingly, after a careful examination of plaintiff's counsel's specific entries, a small reduction in time is warranted.

**A.   SUBSTANTIVE BRIEFING**

The Court will not reduce the time allotted to preparation of the detailed medical chronology in this case. However, the Court reduces the time claimed for drafting the legal arguments in the brief by **2.0 hours of attorney time**, to account for apparent efficiencies relating to the use of research and writing from prior motions.

**B.   MINISTERIAL TASKS**

Defendant challenges the time plaintiff spent on "ministerial tasks." The Court finds that counsel's time entries for April 27, 2015, for 0.7 hours to conduct a brief email conversation and to review two docket entries is excessive, and will be reduced to 0.4 hours. Likewise, the Court finds that the time billed by the paralegal for reviewing materials on October 2, 2014 (0.8 hours), and for receiving certified mail receipts in October and November 2014 (0.3 hours) are excessive. Accordingly these paralegal hours will be reduced to 0.4 hours and 0.2 hours respectively. Finally, counsel claims 1.0 hours for the task of "redact[ing] time sheet entries in exercise of billing judgment." [Doc. #20-2 at 5] Counsel asserts that she

"redacted 2.61 hours of attorney time in the exercise of billing judgment." [Doc. #20-1 at 5] To claim reimbursement for the time spent reducing a bill is ironic, at best, and the Court will not award any fees for this task.

Thus in total the Court reduces the fees by **1.3 hours of attorney time and 0.5 hours of paralegal time** for ministerial tasks.

C.   **EAJA PETITION AND REPLY**

The defendant does not challenge the 2.0 hours billed by plaintiff's counsel for preparing her motion for EAJA fees. This may be because, in this District, judges have routinely allowed a plaintiff's attorney to bill up to two hours for preparing an EAJA petition. See, e.g., Texidor v. Colvin, No. 3:10CV701(CSH)(JGM), 2015 WL 164062, at *4 (D. Conn. Jan. 13, 2015)(awarding two hours for preparation of EAJA petition); Barrow v. Astrue, No. 3:11CV00828(VLB)(TPS), 2013 WL 2428992, at *4 (D. Conn. Jun. 4, 2013) (awarding two hours for preparation of EAJA petition); Hosking v. Astrue, No. 3:10CV64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(awarding two hours for preparation of EAJA petition); Gelinas v. Colvin, No. 3:13CV891(CSH)(JGM), 2014 WL 2567086, at *3 (D. Conn. June 6, 2014)(same). Thus, the Court approves the award of 2.0 hours of attorney time for preparation of the EAJA petition.

7

However, counsel for the plaintiff now seeks compensation for an additional 4.8 hours spent in preparation of the reply brief. [Doc. #22-2] This is excessive. In particular, the Court notes that counsel claims 0.5 hours was required to brief the issue of time claimed for "adding record cites." This portion of the reply brief is less than one page long and adds nothing to the Court's base of knowledge. As counsel are aware, reply briefs are not required, and here, counsel claims more than twice as much time for preparing a reply brief as was claimed in preparing the original motion. Little of substance was provided in the reply. Accordingly, the Court reduces the award of fees for the preparation and filing of the reply to 0.5 hours, representing a **reduction of 4.3 hours**.

## CONCLUSION

For the reasons set forth herein, the plaintiff's Motion for Attorney's Fees [Doc. #20], as supplemented by the Reply [Doc. #22] is **GRANTED,** in part. The Court awards 1.85 hours of attorney time at an hourly rate of $196.31 [total $363.17]; plus 41.28 hours of attorney time at an hourly rate of $194.93 [total $8,046.71]; plus 0.5 hours of attorney time at an hourly rate of $194.93 for the reply brief [total $97.47]; for a total of 43.13 hours of attorney time and a total amount of $8,409.89 for attorney time. In addition, the Court awards 4.75 hours of law

clerk time at an hourly rate of $115.00 [total $546.25] and 1.8 hours of paralegal time at an hourly rate of $115.00 [total $207.00. Costs are awarded in the amount of $80.58; no costs are awarded for the filing of the reply brief.  Accordingly the **total award of costs and fees is $9,341.18.**

This is not a recommended ruling.  This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED. Dated this 9th day of September, 2015 at New Haven, Connecticut.

/s/                                      .
Hon. Sarah A. L. Merriam
United States Magistrate Judge

9